UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

SHAUN A. BRYANT,

    Plaintiff,

v.

Case No. 2:16-cv-1190
CHIEF JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Terence P. Kemp

MAJOR PERRY, et al.,

    Defendants.

## OPINION & ORDER

This matter is before the Court for consideration of a Report and Recommendation issued by the Magistrate Judge. (ECF No. 7.) Plaintiff, Shaun A. Bryant, is a pro se prisoner who was housed at the Franklin County Corrections Center at the time he filed his Complaint with the Court on December 21, 2016. On January 6, 2017, the Court issued an Order directing Plaintiff to file a certified account statement from the prison cashier or be assessed the full filing fee. (ECF No. 4.) After receiving no response, the Magistrate Judge issued a Report and Recommendation on March 1, 2017, recommending that the Plaintiff be assessed the full filing fee and the Court dismiss the case if the filing fee was not received within thirty days. The Report and Recommendation advised the Plaintiff that failure to object within fourteen (14) days would result in a waiver of review. The time for filing objections has passed, and no objections have been filed to the Report and Recommendation. Thirty days have also passed and the Court has not received Plaintiff's filing fee.

However, the Court did receive envelopes reflecting that both the January 6, 2017 Order and the March 1, 2017 Report and Recommendation were returned to the Court as undeliverable. (See ECF Nos. 6, 8.) Plaintiff failed to receive the earlier filings because he has not filed a notice

with the Court updating his address. Plaintiff has an affirmative duty to notify the Court of any change in address. *See Barber v. Runyon*, No. 93-6318, 1994 WL 163765, at *1 (6th Cir. May 2, 1994) ("If [*pro se* Plaintiff's] address changed, she had an affirmative duty to supply the court with notice of any and all changes in her address."); *see also Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("[W]hile *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues . . . there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend."); *Walker v. Cognis Oleo Chem., LLC*, No. 1:07-cv-289, 2010 WL 717275, at *1 (S.D. Ohio Feb. 26, 2010) ("By failing to keep the Court apprised of his current address, Plaintiff demonstrates a lack of prosecution of his action.").

An offender search on the Ohio Department of Rehabilitation and Correction's ("ODRC") website reveals that Plaintiff is not currently in state custody. http://odrc.drc.ohio.gov/OffenderSearch/search.aspx. Because Plaintiff has not filed a notice of change of address with the Court and is not currently under the custody of ODRC, the Court is unable to locate the Plaintiff. The Court therefore **ADOPTS** the Report and Recommendation (ECF No. 7) and **DISMISSES** Plaintiff's Complaint (ECF No. 1) for lack of prosecution.

**IT IS SO ORDERED.**

4-14-2017
DATE

EDMUND A. SARGUS, JR.
**CHIEF UNITED STATES DISTRICT JUDGE**